IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-94-308-CR




DAVID ZAPATA REYES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR93-0088-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of delivering (three counts) and possessing (one
count) cocaine. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, §§ 481.112, .115,
1989 Tex. Gen. Laws 2230, 2935-36 (Tex. Health & Safety Code Ann. §§ 481.112, .115, since
amended). For the delivery counts, the jury assessed terms of imprisonment of twenty-five,
thirty-five, and thirty-seven years, plus fines of $3000 per count. For the possession count, the
jury assessed punishment at imprisonment for ten years and a $1000 fine.

 Appellant contends the evidence is legally insufficient to sustain the delivery
convictions because the undercover officer to whom the deliveries were made did not identify
appellant as the person who made the sales. He also contends his trial counsel was ineffective
because he did not move for an instructed verdict on the three delivery counts based on the alleged
lack of identification.


 The officer, Teofilo Garcia, was questioned by the prosecutor:



Q Do you know the defendant in this case, David Zapata Reyes?


A Yes, sir, I do.


Q Would you please point him out to the jury and tell the jury what he's
wearing?


A He's the man seated right next to the defendant [sic] and he has the tan
slacks and the white shirt.


 Mr. Smith: Your Honor, I would like the record to reflect that the witness
has identified the defendant in the case.


 The Court: The record will so reflect.



Garcia went on to testify that he purchased cocaine from Reyes on three occasions. Appellant
argues that Garcia did not identify him, but the person sitting next to him, as the David Zapata
Reyes who sold the cocaine.

 Appellant's argument would have more weight if Garcia had merely stated that
David Zapata Reyes was the man seated next to the defendant. But he also described Reyes's
clothes. In the absence of evidence that anyone else was wearing tan slacks and a white shirt, we
assume that the district court relied on this description when he indicated for the record that
Garcia identified the defendant, our appellant. Under the circumstances, we further assume that
Garcia misspoke when he said that Reyes was sitting next to the defendant. We conclude that the
evidence is legally sufficient to support the jury's determination that appellant is the David Zapata
Reyes who sold cocaine to the undercover officer. See Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). It follows that defense counsel was not ineffective for failing to move for an
instructed verdict on that basis.

 In his brief, appellant lists three other errors he claims his counsel made at trial. 
He later concedes, however, that these alleged errors do not meet both prongs of the Strickland
test for ineffectiveness. Strickland v. Washington, 466 U.S. 668 (1984); and see Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
We agree with this concession, and add that at least two of the three "errors" were not errors at
all. (1) We find no basis in the record for concluding that trial counsel was not functioning
effectively.

 Points of error one and two are overruled. The judgments of conviction are
affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 25, 1995

Do Not Publish
1. Appellant complains that his attorney failed to preserve for review the overruling of his
motion to suppress evidence. Contrary to appellant's contention, it was not necessary for counsel
to object to the introduction of the evidence before the jury in order to preserve the district
court's order for review. As for counsel's failure to make an opening statement, we find that this
was trial strategy.